IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| UNITED STATES OF AMERICA | ) CR. NO. 3:23-CR-00176-MOC |
|---|---|
|  | ) |
|  | ) SENTENCING MEMORANDUM |
|  | ) AND REQUEST FOR DOWNWARD |
| vs. | )   VARIANCE PURSUANT |
|  | ) 18 U.S.C. § 3553(a) |
| KEVIN JACORYEN JAMES FIELDS, | ) |
| Defendant. | ) |

The Defendant, KEVIN JACORYEN JAMES FIELDS, by and through undersigned counsel, respectfully submits this Sentencing Memorandum to assist the Court in fashioning a reasonable sentence. The advisory guideline range suggested in the Presentence Investigation Report ("PSR") is greater than necessary to accomplish the goals of sentencing in 18 U.S.C. § 3553(a) and inconsistent with *United States v. Booker*, 543 U.S. 220 (2005), *United States v. Rita*, 551 U.S. 338 (2007), and *Gall v. United States*, 552 U.S. 38 (2007). Kevin Fields moves for a downward variance from the advisory Guidelines range and tenders this memorandum in support.

I. The Guidelines

The United States Sentencing Commission is tasked with promulgating guidelines to meet the three objectives set by Congress in the Sentencing Reform Act of 1984. Namely to seek honesty in sentencing; reasonable uniformity; and proportionality in sentencing that "imposes appropriately different sentences for criminal conduct of differing severity." USSG, Ch.1 Pt. A.3, Policy Statement.

Utilizing the current guidelines, Kevin is facing an advisory guideline range of 110-137 months. The maximum sentence this Court can utilize for Kevin is 120 months,

or ten years. Thus the current guidelines contemplate a sentence of nearly a year and a half higher than the maximum sentence for the convicted offense of Aiding and Abetting Interstate Transportation of a Stolen Motor Vehicle and over six years higher than the maximum sentence for the convicted offense of Conspiracy to Commit Offense Against the U.S. (Transport, Possess, and Sell Stolen Vehicles in Interstate Commerce). The government, in the sentencing memorandum filed in this case argues for a guideline sentence [ECF #141] for Kevin. Given that most of the applicable guideline range is above the maximum sentence, the government seeks a sentence between 110-120 months. The government is effectively advocating for the maximum possible sentence for Kevin, a defendant whose "role in the conspiracy is generally one of a driver" [ECF#141, page 2].

If the guidelines meet the objectives of reasonable uniformity, honesty and proportionality, a low-level participant convicted of aiding and abetting a large conspiracy would not result in guidelines ABOVE the maximum possible sentence. If the guidelines were calculated correctly, then the only reasonable explanation is that the guidelines have failed to meet the objective and serve little to no purpose in assisting this Court in fashioning the appropriate sentence for Kevin.

The guideline unhelpfulness rests in the calculation of loss. At the time of the plea agreement and the disclosure of the PSR, the 2023 USSG Manual contained the specific offense characteristic of "loss" at §2B1.1(b)(1), the loss table. The Commentary to §2B1.1 directed the user to calculate loss as the "greater of actual loss or intended loss". USSG §2B1.1 Commentary note #3(A). Defendants had long argued that intended loss, which could include estimation and fantastical loss (such as in sting

operations which would not occur), could be greatly inflated and result in elevated guidelines that failed to take into account other characteristics of the offense (such as role, gain, and scope of foreseeability). This led to challenges to the guidelines, particularly when the commentary to a particular guideline tended to expand the scope of the guideline itself.

The prevailing case was decided in 1993, when the Supreme Court decided *Stinson v. United States* and held the commentary to the Sentencing Guidelines was "authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline." 508 U.S. 36, 38. This result was based upon the theory that an agency's interpretation of legislative rules should be given deference by the courts[1]. This decision essentially held that the commentary to a guideline was as effective as the text of the guideline itself. Then in 2019, the Supreme Court published *Kisor v. Wilkie,* 588 U.S. 558 (2019), which limited the deference to agency interpretations to only those that are clearly ambiguous.

Following Kisor, the question naturally arose as to whether *Stinson* was still good law. In 2022, the Fourth Circuit issued two opinions on the issue. The first, *United States v. Campbell*, 22 F.4th 438 (4th Cir. 2022), applied both *Stinson* and *Kisor* to conclude the text of U.S.S.G. § 4B1.2(b) could not be expanded to include inchoate offenses as directed by Application Note 1 of § 4B1.2. The second, *United States v. Moses*, 23 F.4th 347 (4th Cir. 2022), was issued twelve days after *Campbell*, and it held

---

[1] Applying *Seminole Rock* or *Auer* deference (so named for *Bowles v. Seminole Rock & Sand Co.*, 325 U.S. 410 (1945), and *Auer v. Robbins*, 519 U.S. 452 (1997))

Stinson remained good law[2]. Thus, during the bulk of the pre-sentence period of this case, the case law in the Fourth Circuit was ambiguous.

On November 7, 2024 the Fourth Circuit decided <u>United States v. Mitchell</u>, 120 F.4th 1233. In *Mitchell,* the Fourth Circuit held Campbell (and Kisor) controlled, not Moses (and Stinson). Utilizing the *Mitchell* holding, the commentary to the guidelines is no longer authoritative; instead, the commentary is only used when the text of the guideline itself is genuinely ambiguous using the usual tools of statutory interpretation.

In the instant case, the ambiguity that existed in the 4th Circuit prior to November 7, 2024 allowed the government to insist on the greater "intended" loss amount, as opposed to the actual loss amount for Guideline calculations. This intended loss amount is the amount included in the plea agreement and the PSR, notably $3.8 million dollars. This amount encompasses all the theft that Kevin aided and abetted, as well as any that he had tangential knowledge or participation. This huge "loss" amount adds EIGHTEEN levels to a base offense guideline of 6.

Following the *Mitchell* decision, counsel for Kevin Fields would assert that the plain language of USSG §2B1.1(b)(1) does not define or otherwise elaborate on the word "loss". As such, "loss" is unambiguous and therefore there is no need to look to the commentary of §2B1.1(b). Loss is actual loss sustained by the victims of these convictions that involved the thefts that Kevin aided and abetted or were reasonably foreseeable to him. That figure, actual loss, is notably absent from the plea agreement, the PSR, and the government's sentencing memorandum. Prior to the filing of this memorandum, counsel for Kevin Fields contacted the government attorney(s) to seek

---

[2] Credit to Jeremy Thompson, AFPD, District of South Carolina for the case law analysis.

the proposed restitution amount (a figure that WOULD be commensurate with actual loss). On this date, the government provided ninety pages of victim information statements elicited by the United States Probation Office as part of the duty to assess restitution. Based upon the information provided by the victims, the actual loss amount attributable to Kevin Fields is $78,164.04[3].

Using the actual loss, pursuant to the decision in *Mitchell*, the applicable guideline would be §2B1.1(b)(1)(D), more than $40,000 but less than $95,000. This would drop the defendant's guideline range by 12 levels to result in a total offense level of 13, CH VI, for a guideline range of 33-41 months. While this Court must calculate the advisory sentencing guidelines, the guidelines are not mandatory, merely advisory. Utilizing the guidance provided by the Fourth Circuit and the actual loss, the guidelines are at least useful and reasonable for advisory consideration. Thus, the defendant urges the Court to consider this guidance in establishing not only the guideline range, but any variance[4].

Further, the guidelines are by one factor the Court must consider in crafting a sentence. The Court must consider unwarranted sentencing disparities as well. In the instant case, Kevin has co-defendants who are decidedly more culpable. Counsel submits that using the intended loss guidelines and following the government's assertion to effectively sentence him to the maximum penalty would result in such a disparity. The co-defendants, some of whom were organizers and leaders in this

---

[3] The government believes the actual loss may be larger, but is unable to show that at the time of the filing of this memorandum.
[4] Counsel for defendant did not file any objections to the Guidelines. The 4th Circuit case was not decided until a month after objections to the PSR were due. This Court can consider counsel's arguments as objections to the sentencing guideline calculations or §3553 factors to consider for a variance.

conspiracy, would end up with much lesser sentences than Kevin, a mere driver, who was not a participant in the entire conspiracy.

Due to the foregoing, Counsel for Defendant Kevin Fields seeks a downward variance from the guideline range, once it is finalized by the Court at the sentencing hearing.

II. Restitution

Counsel for Defendant, Kevin Fields, seeks a definitive restitution award at the sentencing hearing in this matter. Kevin's last participation in this conspiracy was in the summer of 2023, nearly two years prior to the sentencing hearing. The government and the United States Probation Department have had ample time to contact all victims and assess restitution based upon the reported losses. As of the filing of this sentencing memorandum, this amount is still in question, however the government is working to answer outstanding questions regarding proposed restitution. Counsel for Defendant Field would object to any unverified loss amounts and any proposed delay in restitution calculation or award.

Respectfully Submitted,

/s/Renae Alt-Summers
Renae Alt-Summers
Attorney for the Defendant
3608C Landmark
Columbia, SC 29204
(828) 243-5253
NC Bar ID#: 28879
Fed ID#:10531
raltsummers@gmail.com

## Artificial Intelligence Certification

Counsel for the defendant hereby certifies and states the following:

No artificial intelligence was employed in doing the research in preparation for this document, with the exception of such artificial intelligence embedded in the standard on-line legal research sources Westlaw, Lexis, Fastcase, and Bloomberg.

Each statement and every citation to an authority contained in this document has been checked by the undersigned attorney as to the accuracy of the proposition of which it is offered, and the citation to authority provided.

January 13, 2025

                                              Respectfully Submitted,

/s/Renae Alt-Summers
Renae Alt-Summers
Attorney for the Defendant
3608C Landmark
Columbia, SC 29204
(828) 243-5253
NC Bar ID#: 28879
Fed ID#:10531
raltsummers@gmail.com