UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:23-cr-176-MOC

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| | ) | |
| | ) | |
| Vs. | ) | **ORDER** |
| | ) | |
| **DEWANNE LAMAR WHITE,** | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on Defendant's pro se Letter Motion to

Amend/Correct Amended Judgment. (Doc. No. 197).

Defendant pled guilty in this Court to Conspiracy to Transport, Possess, and Sell Stolen

Vehicles in Interstate Commerce (Count One) and Possession of a Stolen Vehicle (Count Three).

In an Amended Judgment dated January 1, 2025, the Court sentenced Defendant:

> to be imprisoned for a term of SIXTY (60) MONTHS on Count 1, ONE
> HUNDRED EIGHT (108) MONTHS on Count 3, to be served concurrently for a
> total term of ONE HUNDRED EIGHT (108) MONTHS. THE TERM OF
> IMPRISONMENT IMPOSED BY THIS JUDGMENT SHALL BE
> CONCURRENT TO ANY UNDISCHARGED TERM OF IMPRISONMENT
> IMPOSED BY ANY STATE COURT, WHETHER PREVIOUSLY OR
> HEREAFTER IMPOSED.

(Doc. No. 170). Defendant is currently imprisoned and serving his concurrent state and federal

sentences at Mountain View Correctional Institution in Spruce Pine, North Carolina. See (Doc.

No. 197-1). Defendant has now filed the pending motion, asking the Court to "vacate

[defendant's] state sentence in order to activate the federal sentence." (Doc. No. 197 at 1).

The motion is **DENIED**. This Court has no authority to vacate a conviction in state court.

To the extent that Defendant is seeking to be transferred to federal custody so that he can begin

1

his "rehabilitation," BOP has the authority and discretion to designate a state prison as his place of imprisonment. United States v. Evans, 159 F.3d 908, 911–12 (4th Cir. 1998). Moreover, if a federal judge orders or recommends that a federal sentence run concurrently with a state sentence already imposed, the BOP ordinarily will designate the state facility as the place to serve the federal sentence. See BOP Program Statement 5160.05. Accord Hayes v. South Carolina, No. CIV A 909-229-SB-BM, 2009 WL 632719, at *2 (D.S.C. Mar. 11, 2009).

**ORDER**

**IT IS, THEREFORE, ORDERED** that Defendant's Letter Motion (Doc. No. 197) is **DENIED**.

Signed:  March 2, 2026

Max O. Cogburn Jr
United States District Judge