# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION


| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **)** | |
| | **)** | |
| **vs.** | **)** | |
| | **)** | **Docket No.: 3:23CR00176 004** |
| **HOSEA FERNANDEZ HAMPTON, JR.** | **)** | |
| | **)** | |

## SENTENCING MEMORANDUM/MOTION FOR VARIANCE

NOW COMES the Defendant, by and through counsel and hereby files the following Sentencing Memorandum and Motion for Variance for consideration by the Court:

Mr. Hampton was indicted on various charges including violations of 18 USC §371 and §2313 after entering into a voluntary plea agreement and he has been awaiting sentencing since he was arrested in August 22, 2023.

The Factual Basis has been submitted by the AUSA as part of the plea agreement. Mr. Hampton submitted objections/clarifications upon which the US Probation Office responded. Counsel submits this Motion for Variance and Sentencing Memorandum and further responds to the response of Probation.

Mr. Hosea Hampton moves this court for a variance from the calculated sentencing guideline based on factors pursuant to 18 U.S.C. §3553(a) and in support, the following is submitted for the court's consideration:

18 U.S.C. §3553(a) provides that the court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider:

**(1)** the nature and circumstances of the offense and the history and characteristics of the defendant.

**(2)** the need for the sentence imposed

> *(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense.*

> *(B) to afford adequate deterrence to criminal conduct.*

> *(C) to protect the public from further crimes of the defendant; and*

1

*(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.*

## I.  The nature and circumstances of the offense and the history and characteristics of the defendant

Mr. Hampton was born to Kimberly Hedrick and Hosea Hampton, Sr.  While his PreSentence Report outlines his childhood and reflects a childhood where he was raised with love, it is important to note that he was raised by his Grandmother.  His parents are an important part of his life.  His Father has raised him to be respectful and kind.  His Mother is a great support for him and his children.  Mr. Hampton is a Father to two beautiful girls and plays a particularly significant role in their lives.

Mr. Hampton has, unfortunately, had several law enforcement encounters.  His past includes violations involving marijuana and weapons charges.  He served some time for those offenses and was under supervision at the time these offenses took place.  Mr. Hampton, as expressed in his PSR, took a turn for the worst when his Grandmother's passed.  Women who raised he and his brother and Uncles while his parents were dealing with their own legal issues and incarceration.  Mr. Hampton never graduated from high school but is extremely intelligent and diligent.

The offense for which he has accepted responsibility is due to his aim and desire to provide for his family.  Mr. Hampton has vowed to redirect his energy to earning his High School Diploma and possibly another certification to utilize his talents for structured, productive, and legal employment.

Undersigned counsel is the third Attorney appointed to represent Mr. Hampton.  Prior Attorneys obtained other employment or entered into retirement as the undersigned will be doing soon as well.  Mr. Hampton's plea, the last of the individuals on the indictment, should not be

2

construed as though he was unwilling to accept responsibility. It is because of the change in Attorneys he has had due to factors out of his control.

Ultimately, the path that he has traveled is not the path his parents nor his Grandparents wanted for him. He is determined to move forward and serve as a positive influence in the lives of his children once released. They serve as his motivation and his inspiration and with the support of both of his parents, he is sure he will be successful.

## II. The need for the sentence imposed

*(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense.*

Mr. Hampton, as mentioned before, has been incarcerated since 2023, almost three years. He has been housed in Gaston County and Ocilla, GA whereby there was recently a suicide of an inmate. Food was cold and/or molded and he had to sleep on cold floors and share toilets with over 15-20 other inmates due to overcrowding. Mr. Hampton's crimes consists of the theft and transportation of vehicles primarily, directly from dealerships and selling those vehicles to individuals. The exact number of vehicles, per the factual basis, is unknown. Mr. Hampton is adamant that he was not aware and never traveled to Arizona, Louisianna, or Texas but the value does not change his offense level nor change the outcome and the cost to the businesses or individuals impacted as a result of his actions. Having already served three years, he fully understands and has respect for the law and has vowed to never return to prison again.

*(B) to afford adequate deterrence to criminal conduct.*

Mr. Hampton's inability to spend time and be present for his children and significant other and his family has had a significant impact on him. His almost three-year incarceration and the inability to connect with family on holidays, birthdays and special occasions has already

served as a deterrent to any future illegal activity.  The societal harm and being acutely aware of the societal harm to communities where he has resided is a further deterrent as well. He is committed to moving forward as a productive member of society utilizing his parents, who have successfully navigated returning to the community and being successful members of society, as support.

*(C)      to protect the public from further crimes of the defendant; and*

The crime for which Mr. Hampton was found guilty is a serious offense that has resulted in financial harm to corporations, automobile dealerships, individuals, and insurance companies. While these crimes still continue to take place, Mr. Hampton has vowed he will not be the individual responsible upon release.

*(D)      to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.*

Mr. Hampton concedes that he has not graduated from high school and does not have certifications.  He will greatly benefit from educational and vocational training upon being sent to BOP.

Mr. Hampton, in his written statement to probation, talks about his spiral "downward" after the death of his Grandmothers.  While death is a normal part of our lives, not everyone navigates grief in the same manner.  Mr. Hampton can best be served if a psychological assessment is conducted.  He will be successful if he also has a substance abuse assessment and treatment provided to him.  While his use of substances does not appear to be substantial, his involvement with marijuana would suggest an issue and/or self-medicating to deal with some mental health issues.  Mr. Hampton, his children, his parents, and the community where he

4

resides will greatly benefit from him having these assessments and the treatment to ensure he does not commit the same offenses again upon his release.

The offenses for which Mr. Hampton is being sentenced are not violent offenses but financial crimes. While the sentencing guidelines, arguably, take this into account, due to his criminal history, it does not reflect a punishment necessary to serve the sentencing ends.

The guideline recommendation and the statutory maximum for the offenses are five and 10 years, respectively. The guideline , as noted in the report, suggests a range of 121-151 months, more than the 10-year maximum. This sentence and/or any consecutive sentence would be greater than necessary to serve the purposes of 3553(a). Mr. Hampton, due to youth, trauma and misdirection, lack of education, lack of vocational skills, can best be rehabilitated, educated, and certified by serving a sentence of no more than eight years. Considering the jail conditions, travel and trauma pre-sentencing, this sentence would serve the needs of the community, deter him from further crimes, and serve a restorative and rehabilitative purpose. It is anticipated that a great deal of restitution will be ordered for Mr. Hampton and his co-defendants, yet he will require a skill set and an education in order to prevent him from returning to prison. The best way to do so is to engage him in educational, vocational/technical, mental health and substance abuse programs.

For the foregoing reasons, the Mr. Hampton, humbly requests the court vary his sentence to 8 years or 96 months or less, place him in a facility as close to Charlotte as possible to allow for family time, order substance abuse treatment, mental health evaluation and treatment and educational classes along with any other conditions the Court deems appropriate – and find this amount is no greater punishment than necessary to serve the sentencing's ends.

Respectfully Submitted this 1st day of July 2026.

s/Kimberly Y. Best
Kimberly Y. Best, #24932
Attorney for Hosea Hampton, Jr.

5

The Best Law Firm, PLLC
212 N. McDowell St., Suite 208
Charlotte, NC  28204
980-553-0139
thebestlawfirmpllc@gmail.com

6

# CERTIFICATE OF SERVICE

I, Kimberly Y. Best, do hereby certify that I have served a copy of the above-mentioned Notice of Withdrawal of Objection was served on the parties listed below via ECF/Electronic Case Filing.

Daniel Ryan
AUSA
227 West Trade St., Suite 1650
Charlotte, NC  28202
Daniel.ryan@usdoj.gov

William Bozin
AUSA
227 West Trade St., Suite 1650
Charlotte, NC 28202
704-287-4943
William.bozin@usdoj.gov

This 1st day of July 2026

s/Kimberly Y Best
Kimberly Y. Best, 24932
The Best Law Firm, PLLC
Attorney for the Defendant
212 N. McDowell St., Suite 208
Charlotte, NC  28204
980-553-0139
thebestlawfirmpllc@gmail.com

7

February 6, 2026


To Whom It May Concern,

I am writing this letter in support of Hosea, a young man who has remained in my heart and memory long after our time together in the classroom. I had the privilege of teaching Hosea Hampton during his sixth-grade year, and our connection did not end there. Over the years, I continued to follow his journey through middle school and high school, even after he moved out of our district, and we have remained in contact since.

Hosea was never a student who fit neatly into the traditional mold of academic success. School did not always come easily to him, and he often struggled within conventional structures. However, what Hosea consistently demonstrated was resilience, intelligence, and a strong sense of self. He is a bright and strong-willed young man who has always placed great importance on his family and those he cares about.

Like many young people navigating difficult circumstances, Hosea has made mistakes along the way. While I do not minimize the seriousness of poor decisions, I firmly believe that these choices do not define his character. Hosea is not a bad person. At his core, he is someone who deeply values others and shows genuine care through his actions. He has always displayed compassion, loyalty, and an ability to connect with people in meaningful ways.

I have watched Hosea grow over time, and I believe strongly in his capacity for reflection, accountability, and positive change. He has faced challenges that many would find overwhelming, yet he continues to move forward. With the right support and guidance, I am confident that Hosea can continue to mature and contribute positively to his community.

Thank you for taking the time to consider my perspective. I offer this letter with sincerity and respect, and with the hope that Hosea will be given the opportunity to learn from this experience and continue building a better future.

Respectfully,

*Krista Chapman*
Behavior Specialist
Kannapolis City Schools

**Quinneisha McDowell**
5900 Charing Pl
Charlotte, NC 28211
(980) 240-2561
layette4@gmail.com
**Date:** 2-7-2026
**RE: Character Reference for Hosea**
**Submitted on Behalf of Defense Counsel**
To Whom It May Concern,

My name is **Quinneisha McDowell**, and I respectfully submit this letter as a character reference for **Hosea**, whom I have known for many years through my former employer and long-time acquaintance, his mother, Kim. Through my relationship with their family, I have had the opportunity to observe Hosea's character, work ethic, and commitment to his family.

Hosea was employed by a construction company specializing in installing doors and related trade work. He earned good pay, took pride in his work, and genuinely enjoyed the trade. Despite not completing school, he demonstrated responsibility, consistency, and a strong willingness to work. He used his income to help support his household and assist with caring for his younger siblings, stepping into adult responsibilities at a young age.

Both of Hosea's parents served time earlier in their lives, but neither allowed their past to define them. Today, they are doing well and have worked to build stable lives. I mention this only to show that growth and positive change are possible, and that Hosea has been exposed to real examples of accountability and resilience rather than excuses.

Hosea is also the father of two young daughters who need their father's presence, guidance, and stability. The extended amount of time he has already spent incarcerated while awaiting sentencing has been significant, and that absence has been deeply felt by his children. When a parent is incarcerated, the impact reaches far beyond the individual.

I am part of the justice-impacted community and have been actively involved in supporting families affected by incarceration for many years. My brother's organization, **H&L Foundation**, has served children of incarcerated parents since 2012, and I am currently launching my own initiative, **Blessings and 2nd Chances**, focused on supporting justice-impacted individuals and their families. Hosea has expressed genuine interest in being involved in this work upon his release, including mentoring young boys and engaging positively in the community.

Hosea is young, motivated, and capable of continued growth. I respectfully ask that his attorney and the court consider his work history, family responsibilities, community involvement, and strong potential for rehabilitation. In many cases, extended incarceration of young men does not promote healing but instead deepens cycles of trauma that affect families and communities.

Thank you for your time and thoughtful consideration.
Respectfully submitted,
**Quinneisha McDowell**



To Whom It May Concern,

I am writing in support of Hosea F. Hampton Jr. as he prepares to transition back into the community.

As the Chief Executive Officer of Community Wellness Toolzz, I have dedicated my career to helping individuals overcome challenges, access opportunities, and build successful lives within their communities. Through my professional experience, I understand that successful reentry often depends on having meaningful support, stable employment, and positive connections.

Hosea has shared his desire to move forward in a productive direction and build a better future for himself. Upon release, he plans to obtain employment with Steelfab, Inc., where he will have the opportunity to work alongside his father. This employment opportunity provides structure, accountability, and a positive environment that can support his continued growth and success.

I am willing to assist Hosea during his transition by helping connect him with community resources, employment supports, and other services that may promote stability and successful reintegration. He also has the support of his family, including his mother, Kimberly A. Hedrick, and his father, Hosea F. Hampton, who remain invested in his success.

I believe everyone deserves the opportunity to demonstrate growth and make positive changes. With family support, employment opportunities, and appropriate community resources, I believe Hosea has the potential to become a productive and contributing member of society.

Thank you for your time and consideration.

Sincerely,

Wendy Beam 6/15/2026

Wendy Beam
Chief Executive Officer
Community Wellness Toolzz
8539 Monroe Road, Suite 104
Charlotte, NC 28212
Email: info@communitywellnesstools.org